**IN THE COURT OF APPEALS OF IOWA**

No. 22-0560
Filed May 25, 2022

**IN THE INTEREST OF V.B.,**
**Minor Child**

**C.H., Mother,**
        Appellant.
_____

Appeal from the Iowa District Court for Dubuque County, Thomas J. Straka, Associate Juvenile Judge.

A mother appeals the termination of her parental rights to one child. **AFFIRMED.**

Gina L. Kramer of Kramer Law Office, PLLC, Dubuque, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Patricia Reisen-Ottavi, Dubuque, attorney and guardian ad litem for minor child.

Considered by May, P.J., and Greer and Chicchelly, JJ.

**CHICCHELLY, Judge.**

A mother appeals the termination of her parental rights to one child, V.B. She argues the juvenile court erred by denying her an extension of time and violated her due process rights during a pre-termination, dispositional hearing. She also contends termination is not in the child's best interests and an exception to termination should be applied. Upon our de novo review, we affirm termination of her parental rights to this child.

## I. Background Facts and Proceedings.

V.B. first came to the attention of the Iowa Department of Human Services (DHS) because her mother had an outstanding warrant and was taken to jail after giving birth to her in March 2020. After the mother demonstrated sufficient progress with her substance-abuse and mental-health concerns, the DHS returned care of V.B. to her mother in August and closed the case in February 2021 when the mother moved out of state.

The mother eventually returned to Iowa. In August, she called 911 and was transported to the hospital due to heavy alcohol intoxication. She was V.B.'s sole caregiver at that time, and V.B. has not since been returned to her care. Upon her release from the hospital, the mother spent thirty days in jail and then began living at a local shelter pursuant to her probation. She tested positive for alcohol on two occasions and left the shelter in late October, despite knowledge that her early departure would likely result in a warrant for her arrest.

The mother's subsequent participation in services was "essentially non-existent" according to the DHS caseworker. She stopped participating in substance-abuse treatment, family-centered services, and mental-health

treatment. She was previously diagnosed with borderline personality disorder, bipolar disorder, depression, anxiety, and posttraumatic stress disorder. She missed her last scheduled visit with V.B. in October, was nonresponsive in November, and attended one visit in December. She did not appear for an additional scheduled visit in December or for another visit in January. The mother spent a total of eighteen hours during nine visits with her daughter from September 2021 through January 2022. She has not established stable housing or employment, staying with various friends and working at times as a bartender.

The mother was arrested in mid-January 2022 for trespassing and violation of her probation. A hearing was held shortly thereafter for V.B.'s child-in-need-of-assistance (CINA) matter. In light of the parents' history of nonparticipation in this and previous cases, the State motioned for a waiver of reasonable effort services, which the juvenile court granted. The mother has had parental rights terminated to four other children, with the first incident of child abuse occurring in 2010 and the most recent termination in 2019. The underlying issues similarly revolved around the mother's unmanaged mental health and abuse of substances.

The mother remained in jail at the time of the termination hearing in March 2022. She expected to be released to a residential treatment facility in the next few weeks following trial if a bed became available. The timeline for halfway-house programming at the facility is inexact, but she has previously completed it in six months. She filed a timely appeal after the juvenile court terminated her parental rights. V.B.'s father did not appeal termination of his rights.

## II. Review.

Our review of termination proceedings is de novo. *See In re B.H.A.*, 938 N.W.2d 227, 232 (Iowa 2020). "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination. Evidence is clear and convincing when there is no serious or substantial doubt as to the correctness of the conclusions of law drawn from the evidence." *In re T.S.*, 868 N.W.2d 425, 431 (Iowa Ct. App. 2015) (internal citation omitted). Though not binding, we give weight to the juvenile court's fact findings. *See* Iowa R. App. P. 6.904(3)(g); *In re C.A.V.*, 787 N.W.2d 96, 99 (Iowa Ct. App. 2010). We likewise engage in de novo review as it relates to constitutional challenges. *See State v. Leedom*, 938 N.W.2d 177, 185 (Iowa 2020).

## III. Discussion.

The principal concern in termination proceedings is the child's best interests. *In re L.T.*, 924 N.W.2d 521, 529 (Iowa 2019). Iowa courts use a three-step analysis to review the termination of parental rights. *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). Those steps are whether: (1) grounds for termination have been established, (2) termination is in the child's best interests, and (3) we should exercise any of the permissive exceptions to preclude termination. *Id.* at 472–73.

Here, the juvenile court found the State proved by clear and convincing evidence that termination of the mother's parental rights was appropriate under paragraphs (g) and (h) of Iowa Code section 232.116(1) (2022). The mother does not directly challenge these grounds for termination. Rather, she argues the findings in support of the grounds were tainted by the court's failure to grant an extension of time and her attorney's failure to allow her testimony regarding the

waiver of reasonable effort services. The mother also challenges steps two and three of our analysis regarding the child's best interests and the application of an exception. We address each argument in turn.

*A.  Six-Month Extension.*

The mother maintains that a six-month extension would have provided her sufficient time to resolve the issues preventing reunification with her daughter. Iowa Code section 232.104(2)(b) authorizes extending a child's placement for an additional six months if the court identifies "specific factors, conditions, or expected behavioral changes" that provide a basis for determining "that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." Here, the mother's history simply does not support giving her more time to address her substance-abuse, housing, and mental-health issues. She has been intermittently engaged in services for more than a decade without long-term success. She was incarcerated at the time of trial with an uncertain timeline for release. "While we recognize the law requires 'a full measure of patience with troubled parents who attempt to remedy a lack of parenting skills,'" this patience is built into the six-month statutory scheme set forth in Iowa Code section 232.116(1)(h). *In re C.B.*, 611 N.W.2d 489, 494 (Iowa 2000) (quoting *In re A.C.*, 415 N.W.2d 609, 613 (Iowa 1987)). Although we commend the mother's intentions to complete halfway-house programming and address her mental health, we remain unconvinced that her troubles will be resolved within six months. Therefore, we affirm the juvenile court's decision to deny an extension.

*B. Due Process Rights.*

The mother argues her due process rights were denied because her attorney did not allow her to testify at the January hearing regarding the waiver of reasonable effort services. There is no question that parents have due process rights at both CINA and termination proceedings. *See In re A.M.H.*, 516 N.W.2d 867, 870 (Iowa 1994). "Generally, the fundamental requirement of due process is an opportunity to be heard." *Id.* The mother participated in the hearing from jail via video conferencing. She did not communicate with her attorney when he stated she would not tesify. She did not voice or otherwise indicate disagreement with this statement. She was muted later in the proceeding but did speak after her attorney's statement regarding testimony. Her attorney made arguments on her behalf during the hearing. The mother later requested new counsel and indicated she had been pressured into voluntarily consenting to termination of her parental rights, but she did not mention the alleged inability to testify. There was no motion to reconsider or appeal filed relative to the order entered by the court in connection with this hearing. *See id.* at 872 (finding a mother's due process argument waived when she failed to file a motion to reconsider, enlarge, or amend in CINA proceedings). Based on this record of events, we find the mother waived her due process challenge to the court's order.

*C. Best Interests of the Child.*

To evaluate the child's best interests, "the court shall give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). Here, the

mother's inability to maintain sobriety, unstable housing, and inattention to her mental-health needs combine to support termination. In light of her history, we are not inclined to believe that her behavior will improve sufficiently in a reasonable time. *See In re A.B.*, 815 N.W.2d 764, 778 (Iowa 2012) ("Insight for the determination of the child's long-range best interests can be gleaned from evidence of the parent's past performance for that performance may be indicative of the quality of the future care that parent is capable of providing." (citation omitted)).

Furthermore, the child is in a stable placement with her foster family, who is a long-term option, and has been able to bond with her biological sibling, who was adopted by this family. *See* Iowa Code § 232.116(2)(b); *In re M.W.*, 876 N.W.2d 212, 225 (Iowa 2016) (noting a child's favorable integration into a foster placement supports finding termination is in the child's best interests). While we lament the separation of a child from her parent at any age, we recognize the need for permanency and stability in V.B.'s life weigh in favor of termination. *See A.S.*, 906 N.W.2d at 474 ("[I]t is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." (citation omitted)). Accordingly, we conclude termination of her mother's parental rights is in V.B.'s best interests.

*D. Exceptions to Termination.*

The mother asserts that the detriment termination would cause to the child warrants an exercise of our discretion. *See* Iowa Code § 232.116(3)(c) (providing a discretionary exception to termination when "[t]here is clear and convincing

evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship."). The parent bears the burden to prove the applicability of an exception to termination. *A.S.*, 906 N.W.2d at 476.

Here, the mother highlights her positive interactions with V.B. during visits and the way V.B. lights up when she sees her mother. However, we note the mother's limited participation in visitation has not demonstrated meaningful efforts to allow her daughter to develop a strong, parent-child relationship. "Parenting cannot be turned off and on like a spigot. It must be constant, responsible, and reliable." *In re L.L.*, 459 N.W.2d 489, 495 (Iowa 1990). We do not find the parent-child relationship is so strong that it outweighs the need for termination. *See In re W.M.*, 957 N.W.2d 305, 315 (Iowa 2021) (finding the existence of a bond is insufficient when parents have "failed to provide the clear and convincing evidence necessary to show that, on balance, that bond makes termination more detrimental than not"). We conclude this exception will not preclude termination.

### IV. Disposition.

In sum, we find an extension of time is not warranted, the mother's due process challenge was waived, termination is in the child's best interests, and an exception should not be applied. Therefore, we affirm termination of the mother's parental rights to V.B.

**AFFIRMED.**